```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
FRANK ALLGAIER,                                               :
                Plaintiff,                                    :
                                                              :     MEMORANDUM OPINION
v.                                                            :     AND ORDER
                                                              :
GREG PETERSON a/k/a GREG ABERLE                               :     13 CV 5112 (VB)
PETERSON a/k/a GREG ABERLE and                                :
INVESTANSWERS.COM a/k/a INVEST                                :
ANSWERS RFC a/k/a IA ADVISORS,                                :
                Defendants.                                   :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Frank Allgaier brings this diversity action against defendant Greg Peterson a/k/a Greg Aberle Peterson a/k/a Greg Aberle ("Aberle") and Aberle's defunct investment advisory company, Investanswers.com, asserting claims for breach of fiduciary duty, fraud, negligence, breach of contract, unjust enrichment, and fiduciary defalcation.

Before the Court is plaintiff's unopposed motion for an Order (i) lifting the automatic stay of this action that went into effect when Aberle filed for bankruptcy in February 2016; (ii) finding plaintiff has not abandoned this case; and (iii) scheduling a pretrial conference and trial date. (Doc. #86).

For the following reasons, plaintiff's motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

This case had been set for trial to begin on February 8, 2016. However, by letter dated February 5, 2016, the Court was advised that Aberle filed a petition for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Minnesota under Docket No. 16-30338. Accordingly, this action was automatically stayed pursuant to 11 U.S.C. § 362(a), and the Court canceled the trial. (See Doc. #81).

By Order dated October 6, 2016, the Court directed plaintiff's counsel to provide an update regarding the status of Aberle's bankruptcy case. (Doc. #82). By letter dated October 20, 2016, plaintiff's counsel informed the Court that Aberle had sought "to waive any discharge of his debts in the bankruptcy proceedings" and that, on October 13, 2016, the Bankruptcy Court accepted Mr. Aberle's waiver of discharge. (Doc. #83). Plaintiff argued in his letter that the Bankruptcy Court's order had the effect of terminating the automatic stay.

By Memorandum Endorsement dated October 24, 2016, the Court instructed plaintiff's counsel that to the extent he sought to lift the stay of this action, he was required to file a formal motion on notice to defendants. (Doc. #84).

Following the Court's October 24, 2016, Order, neither party took any action in this case for several months. Accordingly, by Order dated January 6, 2017, the Court ordered that the case would be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure, unless by January 20, 2017, plaintiff's counsel showed cause in writing why the case should not be deemed abandoned and dismissed for failure to prosecute. (Doc. #85).

Plaintiff filed the instant motion on January 18, 2017. (Doc. #86).

First, plaintiff argues the Bankruptcy Court's October 13, 2016, order accepting Aberle's waiver of discharge (Pl.'s Br. Ex. C) had the effect of terminating the automatic stay. The Court agrees. Section 362(c)(2)(C) of the Bankruptcy Code provides that in a case concerning an individual brought under Chapter 7 of the Bankruptcy Code, the automatic stay continues until "the time a discharge is granted or denied." In this context, the "waiver of [a] right to a discharge serve[s] as a denial of a discharge so as to terminate the automatic stay pursuant to 11 U.S.C. section 362(c)(2)(C)." Smith v. C. I. R., 96 T.C. 10, 15 (1991); see also In re Dunne, 2015 WL 7625609, at *5 (Bankr. D. Conn. Nov. 25, 2015) ("Since the Debtor waived his

2

discharge, the automatic stay does not apply to him."), appeal dismissed, 2017 WL 1164379 (2d Cir. Mar. 28, 2017) (summary order). Accordingly, the stay of this action is lifted.

Second, the Court declines to dismiss the action under Rule 41(b). Plaintiff has provided good cause for his failure to pursue this case for several months. (See Doc. #88, Dec'l of Frank Allgaier). In addition, defendant Aberle has not been prejudiced by the delay. Moreover, he failed to oppose the instant motion. Under these circumstances, the Court finds the case has not been abandoned and dismissal under Rule 41(b) would be inappropriate.

**Finally, counsel for plaintiff and pro se defendant Aberle are directed to appear for an in-person status conference on September 14, 2017, at 2:15 p.m., at which time the Court expects to set a trial date and a schedule for pretrial submissions. Mr. Aberle is warned that if he fails to appear for the conference, appropriate sanctions may be imposed, including the entry of a default judgment.**

The Clerk is directed to (i) terminate the motion (Doc. #86); (ii) lift the stay of this action; and (iii) mail a copy of this Order to pro se defendant Greg Aberle at the address that appears on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: August 10, 2017
      White Plains, NY

SO ORDERED:

/s/ Vincent L. Briccetti

Vincent L. Briccetti
United States District Judge