UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FRANK ALLGAIER, :
              Plaintiff, :
: **OPINION AND ORDER**
v. :
: 13 CV 5112 (VB)
GREG PETERSON a/k/a GREG ABERLE :
PETERSON a/k/a GREG ABERLE and :
INVESTANSWERS.COM a/k/a INVEST :
ANSWERS RFC a/k/a IA ADVISORS, :
              Defendants. :
-------------------------------------------------------------x

Briccetti, J.:

Plaintiff Frank Allgaier brings this diversity action against pro se defendants Greg Peterson a/k/a Greg Aberle Peterson a/k/a Greg Aberle ("Aberle"), and Aberle's defunct investment advisory company, Investanswers.com. Plaintiff asserts claims for breach of fiduciary duty, fraud, negligence, breach of contract, unjust enrichment, and fiduciary defalcation.

Before the Court is plaintiff's motion for entry of judgment on default against Aberle.[1] (Doc. #98).

For the following reasons, plaintiff's motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## DISCUSSION

Aberle has failed to defend this action. Aberle failed to appear or explain why he could not appear at two Court-ordered conferences—on September 14 and October 16, 2017. Well in advance of each conference, the Court warned Aberle that if he failed to appear, the Court might

---

[1] The Court interprets plaintiff's motion as seeking default judgment against Aberle as his name is written in the Second Amended Complaint—"Greg Peterson a/k/a Greg Aberle Peterson a/k/a Greg Aberle." (See Doc. #59).

1

impose sanctions, including entry of a default judgment. (Docs ##92, 93). Aberle was served by mail with copies of those two orders on August 11 and September 15, 2017, respectively.

Aberle's failure to defend this action warrants entry of a default against him. See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Moreover, for substantially the reasons set forth in plaintiff's papers in support of the motion, the well-pleaded allegations of the Second Amended Complaint state causes of action for breach of fiduciary duty, fraud, negligence, breach of contract, unjust enrichment, and fiduciary defalcation, and thus a legitimate basis for a default judgment under Fed. R. Civ. P. 55(b).

Aberle objects to the entry of a default judgment on several grounds. Aberle's objections are meritless for the following reasons.

First, Aberle objects to personal jurisdiction and venue. On August 13, 2015, the Court found Aberle had forfeited his objections to personal jurisdiction. (See Doc. #58 at 5–6). Aberle forfeited his objections to improper venue for the same reasons. See id.; Corporación Mexicana de Mantenimiento Integral, S. De R.L. De C.V. v. Pemex-Exploración Y Producción, 832 F.3d 92, 104 (2d Cir. 2016) ("An objection to venue may be lost . . . by submission through conduct.") (internal quotation marks omitted) (alterations in original).

Second, Aberle states he could not travel from his residence in Minnesota to New York for the September 14 and October 16, 2017, conferences because of health and financial reasons. Even if true, Aberle offers no excuse for failing to advise the Court of his health and financial problems before the conferences.

Relatedly, Aberle states he was never given the opportunity to appear by telephone at the September 14 or October 16, 2017, conferences. Aberle, however, did not request to appear at the conferences by telephone until after the conference dates.

Third, Aberle states he could not find pro bono representation and was "unaware of the legal workings of NY." (Doc. #103). Aberle's inability to retain counsel and ignorance of New York law are irrelevant to his failure to defend this action. As the Court stated in response to Aberle's November 27, 2017, letter: "[Aberle] has been sued in a federal civil lawsuit arising out of events in which he participated in New York State. It is his responsibility to defend himself—or risk entry of a default judgment against him—no matter where the lawsuit is brought." (Doc. #104).

Fourth, Aberle argues plaintiff has not contacted him with a settlement offer since he appeared pro se. Plaintiff's failure to approach Aberle with a settlement offer does not excuse Aberle's failure to appear at two court-ordered conferences.

Finally, the Court notes that just one week before this case was scheduled for trial in February 2016, Aberle, who had recently fired his attorney,[2] requested to continue the trial to file for bankruptcy. (Doc. #77). The Court denied Aberle's request, finding Aberle had been "personally advised that his failure to appear at trial might result in the entry of judgment against him." (Id.). Subsequently, Aberle filed for bankruptcy one business day before trial, thereby automatically staying this action pursuant to 11 U.S.C. § 362(a). (Doc. #81).

On October 3, 2016, the trustee of Aberle's bankruptcy estate brought an adversary proceeding alleging, among other things, that Aberle had fraudulently transferred "substantially

---

[2]  Aberle was initially represented by counsel in this case. By order dated December 23, 2015, which was after the case had been set for trial (Doc. #63), the Court granted Aberle's attorney's motion to withdraw as counsel, because Aberle had terminated his services. (Docs. ##73, 75).

3

all of [his] business assets" to a friend or entities purportedly owned by the friend in response to this and other litigations. (Maloney Decl., Ex. 13 ¶¶ 11–12). On February 21, 2017, the trustee moved for an order approving a settlement agreement which avoided the transfer of some of the assets and entered a judgment against one such entity. (Id., Ex. 14). The motion to approve the settlement agreement provided, "[t]he transfer of assets to [the entity] involved numerous badges of fraud." (Id., Ex. 14 ¶ 14).

Shortly after the adversary proceeding was filed, Aberle sought to waive his discharge in bankruptcy, which was accepted by the bankruptcy court, and which led this Court to lift the stay and schedule the first of the two recent conferences that Aberle failed to attend or explain why he could not attend. (Doc. #92).

Under the circumstances, it is clear to the Court that Aberle's primary strategy in this case has been to delay the outcome for as long as possible, while not making any real effort to defend the case. In short, Aberle's default is willful.

Accordingly, entry of a default judgment is warranted.

## CONCLUSION

Plaintiff's motion for entry of default judgment is GRANTED. (Doc. #98).

The Clerk is instructed to:

1. Terminate the motion (Doc. #98);

2. Enter default against defendant Greg Peterson a/k/a Greg Aberle Peterson a/k/a Greg Aberle;

3. Enter a partial default judgment as to liability only against defendant Greg Peterson a/k/a Greg Aberle Peterson a/k/a Greg Aberle; and

4. Mail a copy of this Order to pro se defendant Greg Aberle at the address that appears on the docket.

By separate order, the Court will refer this case to Magistrate Judge Lisa M. Smith for an inquest on damages.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v United States, 369 U.S. 438, 444-45 (1962).

Dated: March 2, 2018
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge