UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FRANK ALLGAIER,
               Plaintiff,

v.

GREG PETERSON a/k/a GREG ABERLE
PETERSON a/k/a GREG ABERLE a/k/a
INVESTANSWERS.COM a/k/a INVEST
ANSWERS RFC a/k/a IA ADVISORS,
               Defendant.
-------------------------------------------------------------x

**ORDER ADOPTING REPORT AND RECOMMENDATION**

13 CV 5112 (VB)

Briccetti, J.:

    Before the Court is Magistrate Judge Smith's Report and Recommendation ("R&R"), dated August 13, 2019, following her inquest on damages. (Doc. #127). Magistrate Judge Smith recommended that the Court award plaintiff $247,109.62 in damages, plus pre-judgment and post-judgment interest, as well as $350 in costs and disbursements.

    Plaintiff objected to the R&R to the extent the R&R recommended that plaintiff be awarded $350 in costs and disbursements. (Doc. #129). Defendant, proceeding pro se, did not object to the R&R and did not respond to plaintiff's objections.

    For the following reasons, the Court adopts the R&R, except as to the magistrate judge's recommendation that the Court award plaintiff $350 in costs and disbursements.

    The Court presumes the parties' familiarity with the factual and procedural background of this case.

## DISCUSSION

    A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and

1

recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. See Fed. R. Civ. P. 6(d). When a party submits a timely objection to a report and recommendation, the district court reviews those parts of the report and recommendation objected to under a de novo standard of review. 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. See Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

The Court has reviewed Magistrate Judge Smith's thorough and well-reasoned R&R and finds no error, clear or otherwise, regarding her recommendation as to damages, pre-judgment interest, and post-judgment interest.

Thus, the final award, excluding costs and disbursements or post-judgment interest, totals $449,528.81. That includes $247,109.62 in damages and $202,419.19 in pre-judgment interest, calculated as follows:

1. Claims for breach of fiduciary duty, fraud, negligence, breach of contract, and fiduciary defalcation: $315,980.28 total, reflecting $177,500.62 in damages and $138,479.66 in pre-judgment interest, calculated at 9% per annum from February 28, 2011, to date;

2. Claim for Unjust Enrichment: $133,548.53 total, reflecting $69,609.00 in damages and $63,939.53 in pre-judgment interest. These damages arise from four checks plaintiff paid to defendant as commissions and pre-judgment interest calculated at 9% from the date each check was issued, to date. That is:

    a. October 28, 2008, Check: $25,685.32, including the initial amount of $12,904, and $12,781.32 in pre-judgment interest;

2

  b.  January 30, 2009, Check:  $42,338.59, including the initial amount of $21,521, and $20,817.59 in pre-judgment interest;

  c.  May 7, 2009, Check:  $17,175.74, including the initial amount of $8,838, and $8,337.74 in pre-judgment interest; and

  d.  July 20, 2010, Check:  $48,348.88, including the initial amount of $26,346, and $22,002.88 in pre-judgment interest.

With respect to costs and disbursements, Magistrate Judge Smith recommended that the Court award plaintiff $350 to reflect the payment of a filing fee, but allowed plaintiff to include evidentiary support in his objections to the extent he sought further costs and disbursements. However, plaintiff was not required to apply for costs at the time of the damages inquest. "Typically, it is the Clerk of Court who first taxes a prevailing party's costs." Endo Pharm. Inc. v. Amneal Pharm., LLC, 331 F.R.D. 575, 578 (S.D.N.Y. 2019) (citing Fed. R. Civ. P. 54(d)(1)). "[O]nce the Clerk has done so, either party may move for the court to review the Clerk's decision on costs." Id.; see also SDNY Local Civ. R. 54.1.  Thus, plaintiff may renew his request for costs and disbursements by filing a notice of taxation of costs within thirty days of entry of final judgment or, in the case of an appeal, within thirty days after the final disposition of the appeal.

Accordingly, plaintiff is entitled to $449,529.81 in damages and pre-judgment interest, plus post-judgment interest and costs and disbursements.

## CONCLUSION

The Court adopts the R&R, except as to Magistrate Judge Smith's recommendation that the Court award plaintiff $350 in costs and disbursements.

The Clerk is instructed to enter judgment in favor of plaintiff and against defendant in the amount of $449,528.81, including $247,109.62 in damages and $202,419.19 in pre-judgment interest; plus post-judgment interest at 9% per annum, and costs and disbursements.

The Clerk is further instructed to terminate the motion (Doc. #129), close this case, and mail a copy of this Order to defendant pro se at the following address:

Greg Aberle
16843 Huntington Path
Lakeville, MN 55044

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith; therefore, in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: October 28, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge